**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF WASHINGTON**

| | |
|---|---|
| DEMECIO VALDOVINOS, | No. 2:25- cv -00324 |
| Plaintiff, | COMPLAINT |
| v. | **WITH JURY DEMAND** |
| LIVE NATION ENTERTAINMENT, INC.; STARPLEX, INC., doing business as CROWD MANAGEMENT SERVICES (CMS); STARPLEX/CMS EMPLOYEES JOHN DOE SECURITY GUARDS 1-5; STARPLEX/CMS EMPLOYEE  JOSEPH WILSON and his marital community; GRANT COUNTY, a Washington Municipal Corporation and GRANT COUNTY SHERIFF'S DEPUTIES JOHN DOES 1-5, individually, and as Grant County Deputy Sheriffs. | |
| Defendants. | |

COMES NOW the Plaintiff, Demecio Valdovinos, by and through his attorneys of record, Kannin Law Firm P.S., and hereby presents the following claims:

**JURISDICTION**

1.

This action is brought pursuant to 42 U.S.C. § 1983 and 1988 and the Fourth and

COMPLAINT  - Page 1

KANNIN LAW FIRM P.S.
119 SW 152nsd Street
Burien, WA  98166
Telephone (206) 574-0202
Email: frontdesk@kanninlaw.com

Fourteenth Amendments to the United States Constitution.

2.

This court has jurisdiction of this action under 42 U.S.C. § 1983, 42 U.S.C. §1988, 28 U.S.C. §1343, 28 U.S.C. §1331.  This court has further jurisdiction of this action under 28 U.S.C. §1332 since the amount in controversy exceeds $75,000.00, exclusive of interests and costs, and is between citizens of different States.  Pursuant to 28 U.S.C. §1367(a) this court has supplemental jurisdiction over Plaintiff's state law tort claims arising from the same case or controversy upon which Plaintiff's federal claims are based.

3.

Venue is properly established in this judicial district pursuant to 28 U.S.C. §1391(b).

**PARTIES**

4.

At all times material herein, Plaintiff Demecio Valdovinos was and is a resident of King County, Washington.

5.

At all times referred to herein, Defendants John Doe Sheriff's Deputies 1 - 5 are believed to have been sheriff's deputies employed by Grant County, Washington.

6.

At all times referred to herein, Defendant Starplex/CMS John Doe Security Guards 1 – 5 and Defendant Starplex/CMS employee Mr. Joseph Wilson, are believed to have been employed by Starplex, Inc./CMS as security agents for the Gorge Amphitheater and its owner Defendant Live Nation Entertainment, Inc.

7.

At all times referred to herein, Live Nation Entertainment, Inc. is believed to be the owner and operator of the Gorge Amphitheater concert venue which is in Grant County, Washington.

COMPLAINT  - Page 2

8.

At all times referred to herein, Live Nation Entertainment, Inc. is believed to have contracted with and employed Starplex Security, Inc./CMS and its employees and agents, to provide security services at events Live Nation Entertainment hosted at its Gorge Amphitheater concert venue.

9.

Defendant Grant County is a political subdivision located in Grant County, Washington, existing and duly incorporated and organized under the laws of the State of Washington, providing law enforcement services to its citizens by and through the Grant County Sheriff's Department.

10.

Plaintiff sues all Defendants in their individual and official capacities.

11.

At all times referred to herein, Defendants Starplex/CMS John Doe Security Guards 1 – 5 and Grant County John Doe Sheriff's Deputies 1 – 5, Defendants Live Nation Entertainment, Inc., Starplex/CMS Inc., and Grant County acted under color of the laws, statutes, ordinances, regulations, policies, customs and usages of Grant County, the State of Washington and the United States of America.

**FACTS**

12.

During the evening of   August 26, 2022, Plaintiff Demecio Valdovinos, and his partner Erika Y. Rodriguez Palomera were at the Gorge concert venue in Grant County, Washington.

COMPLAINT  - Page 3

The couple had tickets for the Bukis concert. After the show, in the early morning hours of the next day, August 27, 2022, Demecio and Erika walked from the concert arena to the parking lot. The couple got into their truck that was parked in the Gorge Amphitheater parking lot.  Demecio and Erika were in their truck talking when they were approached by one or more Starplex/CMS security personnel, Defendants Starplex/CMS John Doe guards 1 - 5. The Starplex/CMS employee instructed Plaintiff Valdovinos to get out of his truck. Next one or more Starplex/CMS security personnel, Defendants Starplex/CMS John Doe guards 1 – 5 took Plaintiff Valdovinos to what appeared to be a medical station at the Defendant Live Nation Entertainment's Gorge Amphitheater

13.

Plaintiff Valdovinos eventually left the medical station. As Plaintiff Valdovinos was leaving the medical station a Gorge Starplex/CMS employee approached Valdovinos. As the Gorge Starplex/CMS employee got closer to Plaintiff Valdovinos, Mr. Valdovinos took out his phone to the phone's camera to video record the Starplex/CMS employee. Plaintiff Valdovinos later learned that this Starplex/CMS employee is Defendant Joseph Wilson. When Defendant Wilson saw Plaintiff Valdovinos recording him, Defendant Wilson tried to knock Plaintiff's phone out of his hands. This caused the phone to hit Plaintiff Valdovinos' face. The unexpected impact of the phone onto Plaintiff's face caused an injury to Plaintiff's lip and cracked one of his teeth.

14.

Plaintiff Valdovinos tried to keep recording. Next, Defendant Wilson grabbed Plaintiff's phone out of his hand and threw Plaintiff against a parked car.   Other Gorge employees, Defendants Starplex/CMS John Doe security guards 1-5 joined in. The Defendants threw Plaintiff onto the ground. Plaintiff landed face down on the ground. There were at least three Gorge employees around Plaintiff, who were believed to be Defendants Starplex/CMS John Doe security guards 1-5. Plaintiff could not see very well because he was face down on the ground.

COMPLAINT  - Page 4

Defendant Wilson and Defendants Starplex/CMS John Doe security guards 1-5   pinned Plaintiff down to keep him face down on the ground.  One or more Defendants Starplex/CMS John Doe security guards 1-5   and/or Defendant Wilson were kneeling on Plaintiff's back. Another Defendant, one of the Defendants Starplex/CMS John Doe security guards 1-5   and/or Defendant Wilson put his knee on Plaintiff's neck, pressing so hard Plaintiff had difficulty breathing.  Plaintiff eventually lost consciousness and passed out.

15.

When Plaintiff regained consciousness, he saw police officers had arrived and were standing around the Plaintiff who was still face down on ground. The police officers, Defendants Grant County Sheriff's Deputies J. Does 1 – 5  told Plaintiff to stand up. Plaintiff followed the Defendant Doe Sheriff Deputy's commands and stood up.  After Plaintiff stood up, one of the Defendant Sheriff Deputies J. Does 1 – 5  said something to the Plaintiff that the Plaintiff did not understand. Next the Defendant John Doe Sheriff Deputy threw Plaintiff back down onto the ground. As Plaintiff was face down on the ground for a second time, two or more Defendant Sheriff Deputies J. Does 1 – 5  used force on Plaintiff's back to keep Plaintiff face down on the ground. Plaintiff lost consciousness a second time because he had no air and could not breathe. Plaintiff eventually regained consciousness. After Plaintiff regained consciousness one or more of the Defendant Sheriff Deputies J. Does 1 – 5   handcuffed Plaintiff. The Defendant Sheriff Deputies J. Does 1 – 5    put Plaintiff into their police vehicle and took Plaintiff to the Grant County jail in Ephrata, Washington. Plaintiff was eventually released later the same day he was arrested, August 27, 2022. The Grant County prosecuting attorney charged Plaintiff with criminal trespassing. This criminal case was eventually dismissed.

16.

The Defendants caused Plaintiff to suffer bodily injuries that required medical treatment. The Defendants publicly humiliated and shamed the Plaintiff. Plaintiff Demecio Valdovinos experienced physical and mental pain as a result of what the Defendants did to him.  Plaintiff

COMPLAINT  - Page 5

KANNIN LAW FIRM P.S.
119 SW 152nsd Street
Burien, WA  98166
Telephone (206) 574-0202
Email: frontdesk@kanninlaw.com

also suffered mental anguish and anxiety that is still troubling him. Plaintiff lost time from work and lost wages due to the injuries the Defendants caused him to suffer at the Gorge Amphitheater.

17.

At all times during the events described herein the Defendant Joseph Wilson and Defendants Starplex/CMS security guards John Does 1 – 5 and the Defendant Grant County Sheriff Deputies J. Does 1 – 5   were engaged in a joint venture. The Defendant Starplex/CMS security guards John Does 1 – 5, Defendant Joseph Wilson and Defendants Grant County Sheriff Deputies J. Does 1 – 5   assisted each other in performing the acts, described, in failing to act, as well as lent their physical presence, support and the authority of their office to each other during the events described here.

18.

At all times during the events described herein Defendant Starplex/CMS security guards John Does 1 – 5 did nothing to stop or attempt to stop Defendant Joseph Wilson and the other Defendants Starplex/CMS security guards John Doe 1 – 5 from using force to detain and injure Plaintiff Valdovinos.

19.

At all times during the events described herein Defendant Grant County Sheriff Deputies J. Does 1 – 5   did nothing to  stop or attempt to stop Defendant Joseph Wilson and the other Defendants Starplex/CMS security guards John Doe 1 – 5 from using force to detain and injure Plaintiff Valdovinos.

20.

At all times during the events described herein Defendant Grant County Sheriff Deputies J. Does 1 – 5   did nothing to stop or attempt to stop the other Grant County Sheriff Deputies J. Does 1 – 5 from using force to detain, injure and arrest Plaintiff Valdovinos.

21.

COMPLAINT  - Page 6

KANNIN LAW FIRM P.S.
119 SW 152nsd Street
Burien, WA  98166
Telephone (206) 574-0202
Email: frontdesk@kanninlaw.com

At all times relevant, Defendants Live Nation Entertainment and Starplex/CMS operated and controlled the Gorge Amphitheatre in George, Washington, including the concert grounds, campground, and parking lot.

22.

Defendants coordinated directly with the Grant County Sheriff's Office, pursuant to written operating agreements between Defendant Live Nation Entertainment and Defendant Grant County, under which law enforcement and private security jointly established and enforced entry, search, and ejection policies. Under those agreements, Defendant Live Nation Entertainment and its contracted security provider Defendant Starplex/CMS were designated to perform security and crowd control functions traditionally reserved to the state, including: conducting suspicion-less vehicle searches; detaining patrons suspected of violating laws or venue rules; ejecting patrons and transferring them directly into Defendant Grant County's Sheriff Department's custody. Defendant Starplex/CMS security officers operated under the active supervision of Defendant Grant County and its deputies, participated in joint briefings with law enforcement, and at times carried out detentions and searches with the direction of the Defendant Grant County's deputies stationed at the Gorge. Through these activities, the Defendants acted under color of state law within the meaning of 42 U.S.C. § 1983.

23.

The constitutional violations alleged herein were not isolated incidents, but the direct result of official policies, customs, and procedures adopted and enforced by Defendant Live Nation Entertainment and Defendant Starplex/CMS, including but not limited to: a policy of suspicion less vehicle searches of all concertgoers entering the Gorge campground and parking lot; a custom of detaining patrons without probable cause, followed by transfer to sheriff deputies without independent review; joint enforcement procedures whereby private security exercised quasi-police authority under county-sanctioned agreements. These policies and customs were

COMPLAINT  - Page 7

ratified by senior management of Defendant Live Nation Entertainment and Defendant Starplex/CMS, and were carried out by the Defendants' employees as part of official operating procedures at the Defendant's Gorge Amphitheatre.  As a direct and proximate result of these policies and joint actions, Plaintiff was: Ordered out of his vehicle and subjected to an unlawful search, in violation of the Fourth Amendment; detained and deprived of liberty without due process of law, in violation of the Fourteenth Amendment; was further subjected to the unreasonable use physical force against him in violation of the Fourth Amendment; was arrested and booked  into the Grant County  jail without a warrant and without probable cause, in violation of the Fourth Amendment. Plaintiff suffered damages including emotional distress, reputational harm, and financial loss.

24.

The Defendants' acts and failures to act caused the Plaintiff Demecio Valdovinos to suffer the following injuries and damages:

a. Violation of his constitutional rights under the Fourth and Fourteenth Amendments to the United States Constitution to be free from an unreasonable search and seizure of his person and to be free from the use of unreasonable force against him.

b. Loss of his physical liberty;

c. Physical injuries requiring the expenditure of money for treatment and that will continue to require treatment;

d. Physical injuries that have impaired his ability to work and that have resulted in lost wages;

d. Physical injuries that impaired his ability to engage in his usual avocational and domestic activities, that have caused him economic loss and that have resulted in mental pain and frustration;

COMPLAINT  - Page 8

KANNIN LAW FIRM P.S.
119 SW 152nsd Street
Burien, WA  98166
Telephone (206) 574-0202
Email: frontdesk@kanninlaw.com

d. Physical and emotional pain and suffering requiring the expenditure of money for treatment;

e. Economic and non-economic damages incurred and expected to be incurred, in an amount to be established at trial.

25.

The Defendants' acts and failures to violated the following clearly established and well-settled federal constitutional rights of Plaintiff Valdovinos:

a. Freedom from the unreasonable seizure of his person;

b. Freedom from the use of excessive, unreasonable and unjustified force against his person;

c. Freedom from illegal detention and unlawful imprisonment of his person.

26.

Plaintiff Valdovinos claims damages, past, present, and future for the injuries set forth above under 42 U.S.C. § 1983 against Defendant Joseph Wilson and Defendants Starplex/CMS John Doe security guards 1-5, Defendants Grant County Sheriff Deputies J. Does 1 – 5, Defendant Grant County, Defendant Live Nation Entertainment, Inc. and Defendant Starplex, Inc. for violation of his United States constitutional rights under color of law in an amount to be proven at trial

27.

The Defendants' acts and failures to act that resulted in the constitutional violations were done negligently, knowingly, recklessly, intentionally and/or maliciously, by reason of which Plaintiff is entitled to punitive damages.

28.

Plaintiff Valdovinos claims damages, past, present, and future for the injuries set forth above under Washington State Tort Law against Defendant Joseph Wilson and Defendants Starplex/CMS John Doe security guards 1-5, Defendant Live Nation Entertainment, Inc. and

COMPLAINT  - Page 9

KANNIN LAW FIRM P.S.
119 SW 152nsd Street
Burien, WA  98166
Telephone (206) 574-0202
Email: frontdesk@kanninlaw.com

Defendant Starplex, Inc. in an amount to be proven at trial

**FIRST CLAIM:  VIOLATION OF 42 U.S.C § 1983 AGAINST INDIVIDUAL DEFENDANTS STARPLEX/CMS EMPLOYEES JOHN DOE SECURITY GUARDS 1-5 and STARPLEX/CMS EMPLOYEE JOSEPH WILSON**

29.

Plaintiff realleges paragraphs 1 through 28 above.

30.

At all times material herein, Defendant Joseph Wilson and Defendants Starplex/CMS security guards John Does 1 – 5, had a duty to act reasonably, and a duty to refrain from depriving Plaintiff Demecio Valdovinos of his constitutional rights guaranteed by the U.S. Constitution.

31.

Defendant Joseph Wilson and Defendants Starplex/CMS John Doe security guards 1-5 breached the aforementioned duties by ordering him out of his vehicle, detaining him at the Defendants' medical station, and using unreasonably excessive force to further stop, detain, cause bodily injuries to the Plaintiff, to endanger his life, and unlawfully imprisoned Plaintiff Valdovinos, and by assisting in the arrest of Plaintiff Valdovinos, without a warrant and without probable cause that he had committed a crime which constituted  violations of the Plaintiff's rights under the 4th and 14th Amendments to the Constitution of the United States, that guarantee a person at liberty shall be free from unlawful and unreasonable seizures, and the unlawful and the unreasonable use of physical force against his person.

32.

Plaintiff Valdovinos claims damages, past, present, and future for the injuries set forth above against Defendant Joseph Wilson and Defendants Starplex/CMS John Doe security guards 1-5, in an amount to be proven at trial

COMPLAINT  - Page 10

**SECOND CLAIM: VIOLATION OF 42 U.S.C § 1983 AGAINST DEFENDANTS GRANT COUNTY SHERIFF'S DEPUTIES JOHN DOES 1-5**

33.

Plaintiff realleges paragraphs 1 – 32.

34.

At all times material herein, Defendants Grant County Sheriff Deputies J. Does 1 – 5 had a duty to act reasonably, and a duty to refrain to refrain from depriving Plaintiff Demecio Valdovinos of his constitutional rights guaranteed by the U.S. Constitution.

35.

At all times material herein Defendants Grant County Sheriff Deputies J. Does 1 – 5 breached the aforementioned duties by using unreasonably excessive force to stop, detain, endanger his life, and cause bodily injuries to the Plaintiff, and by arresting Plaintiff Valdovinos, without a warrant and without probable cause that he had committed a crime, which constituted violations of the Plaintiff's rights under the 4th and 14th Amendments to the Constitution of the United States, that guarantee a person at liberty shall be free from unlawful and unreasonable seizures, and the unlawful and the unreasonable use of physical force against his person.

.

36.

Plaintiff Valdovinos claims damages, past, present, and future for the injuries set forth above under 42 U.S.C. § 1983 against Defendants Grant County Sheriff Deputies J. Does 1 – 5 for violation of his United States constitutional rights under color of law in an amount to be proven at trial.

37.

The Defendants' acts and failures to act that resulted in the constitutional violations were done negligently, knowingly, recklessly, intentionally and/or maliciously, by reason of which Plaintiff is entitled to punitive damages.

COMPLAINT  - Page 11

**THIRD CLAIM: VIOLATION OF 42 U.S.C § 1983 AGAINST DEFENDANTS LIVE NATION ENTERTAINMENT INC. & STARPLEX, INC./CMS UNLAWFUL POLICY, PRACTICE OR CUSTOM**

38.

Plaintiff realleges paragraphs 1 through 37 above.

39.

Prior to August 27, 2022, Defendants Live Nation Entertainment Inc. and Starplex, Inc./CMS developed and maintained polices or customs exhibiting deliberate indifference to the constitutional rights of persons in Grant County, who were at the Defendants' Gorge Amphitheater, which caused the violation of Plaintiff Valdovinos's civil rights.

40.

At the time of the incidents involving Plaintiff Valdovinos Defendants Live Nation Entertainment Inc. and Starplex, Inc./CMS operated and controlled the Gorge Amphitheatre in George, Washington, including the concert grounds, the campground and the parking lot.

41.

Defendants Live Nation Entertainment Inc. and Starplex, Inc./CMS coordinated directly with the Grant County Sheriff's Office, and Defendant Grant County pursuant to written operating agreements between Live Nation Entertainment and Grant County, under which Defendant Grant County's law enforcement officers and Defendants Live Nation Entertainment Inc. and Starplex, Inc./CMS private security jointly established and enforced entry, search, ejection and/or arrest policies. Pursuant to those agreements, Defendant Live Nation Entertainment and its contracted security provider Defendant Starplex/CMS were designated to perform security and crowd control functions traditionally reserved to the state, including: Conducting suspicion-less vehicle searches; detaining patrons suspected of violating laws or venue rules; and ejecting patrons and transferring them directly into the Grant County sheriff's

COMPLAINT  - Page 12

KANNIN LAW FIRM P.S.
119 SW 152nsd Street
Burien, WA  98166
Telephone (206) 574-0202
Email: frontdesk@kanninlaw.com

Department custody.

42.

Defendant Starplex/CMS security officers operated under the active supervision of Defendant Grant County's Sheriff's Department deputies, participated in joint briefings with law enforcement, and at times carried out detentions and searches at the direction of Defendant Grant County's Sheriff's Department deputies who were stationed at the Gorge. Through these activities, Defendants Live Nation Entertainment Inc. and Starplex, Inc./CMS acted under color of state law within the meaning of 42 U.S.C. § 1983.

43.

The constitutional violations alleged herein were not isolated incidents, but the direct result of official policies, practices, customs, and procedures adopted and enforced by Defendants Live Nation Entertainment and Starplex/CMS, including but not limited to: a policy of suspicion-less vehicle searches of concertgoers who entered the Gorge and/or its campground; a custom of detaining patrons without probable cause, followed by transfer to Defendant Grant County's Sheriff Department deputies without independent review; joint law enforcement procedures whereby private security exercised quasi-police authority under Grant county-sanctioned agreements. These policies and customs were ratified by senior management of Defendants Live Nation Entertainment and Starplex/CMS, and were carried out by their employees, such as Defendant Joseph Wilson and  Defendants Starplex/CMS John Doe security guards 1-5   as part of the Defendants' official operating procedures at the Gorge Amphitheatre.

44.

As a direct and proximate result of these policies, practices, customs and joint actions, Plaintiff was: subjected to an unlawful seizure of his person, in violation of the Fourth

COMPLAINT  - Page 13

KANNIN LAW FIRM P.S.
119 SW 152nsd Street
Burien, WA  98166
Telephone (206) 574-0202
Email: frontdesk@kanninlaw.com

Amendment; detained and deprived of liberty without due process of law, in violation of the Fourteenth Amendment; subjected to unreasonable physical force used against him that caused bodily injuries; was arrested and booked into the Grant County jail without a warrant and without probable cause that he had committed a crime.  As a direct result of the Defendants' acts, failures to act and constitutional deprivations Plaintiff suffered damages including bodily injury, pain suffering, emotional distress, reputational harm, and financial loss in amounts to be proven at trial.

**FOURTH CLAIM: VIOLATION OF 42 U.S.C § 1983 AGAINST DEFENDANT GRANT COUNTY UNLAWFUL POLICY, PRACTICE OR CUSTOM**

45.

Plaintiff realleges paragraphs 1 through 44 above.

46.

Prior to August 27, 2022, Defendant Grant County developed and maintained policies, practices or customs exhibiting deliberate indifference to the constitutional rights of persons in Grant County, which caused the violations of plaintiff Valdovinos's civil rights.

47.

At the time of the incidents involving Plaintiff Valdovinos Defendants Live Nation Entertainment Inc. and Starplex, Inc./CMS operated and controlled the Gorge Amphitheatre in George, Washington, including the concert grounds, the campground and the parking lot. At all times relevant, Defendant Grant County, acting through the Grant County and its Sheriff's Department, entered into formal operating agreements with Defendant Live Nation Entertainment Worldwide, Inc., concerning law enforcement services and security operations at the Gorge Amphitheatre. These agreements expressly contemplated and authorized the use of private security forces (currently Defendant Starplex/CMS) to conduct security operations in

COMPLAINT  - Page 14

KANNIN LAW FIRM P.S.
119 SW 152nsd Street
Burien, WA  98166
Telephone (206) 574-0202
Email: frontdesk@kanninlaw.com

conjunction with Grant County Sheriff's Department and its sheriff's deputies. Pursuant to these agreements, Defendant Grant County officials delegated and coordinated law-enforcement functions with Defendants Live Nation Entertainment and Starplex/CMS, including vehicle searches, detentions, patron ejections and patrons' arrest.

48.

Defendant Grant County further adopted or ratified policies, customs, and practices under which: Gorge concertgoers and campers were subjected to suspicion less vehicle searches; private security personnel were permitted to detain individuals and deliver them directly into the Grant County Sheriff Department's custody without probable cause; Defendant Grant County and its Sherriff Deputies failed to provide meaningful independent review of such detentions or searches.

These policies, practices and customs were officially endorsed or tacitly approved by policymakers within Defendant Grant County, including the Sheriff Department and Grant County Commissioners, who had final authority over law enforcement services at the Gorge.

49.

As a direct and proximate result of these Defendant Grant county-sanctioned practices, Plaintiff Valdovinos was: subjected to an unlawful search and seizure in violation of the Fourth Amendment; deprived of liberty without due process of law in violation of the Fourteenth Amendment; subjected to unreasonable physical force used against him that caused bodily injuries; was arrested and booked into the Grant County jail without a warrant and without probable cause that he had committed a crime.

50.

Grant County is liable to Plaintiff under *Monell v. Department of Social Services*, 436 U.S. 658 (1978), because Plaintiff's injuries were caused by the execution of an official policy, ordinance, regulation, or custom of the Defendant County, rather than by isolated acts of the

COMPLAINT  - Page 15

Defendant County's individual sheriff's deputies. Grant County's failure to train, supervise, and discipline deputies concerning their joint operations with private security further demonstrates deliberate indifference to the constitutional rights of concertgoers at the Gorge Amphitheatre.

51.

At the time of the incident involving plaintiff Valdovinos it is believed that it was the policy and/or custom of the Grant County to inadequately and improperly investigate incidents of police misconduct involving illegal seizing and searching of citizens and said acts of misconduct were instead tolerated by Grant County.

52.

At the time of the incident-involving plaintiff Valdovinos, it is believed that it was County's policy and/or custom to inadequately supervise and train its police officers, including the defendant John Doe Sheriff's Deputy, thereby failing to adequately discourage further violations on the part of its officers.

53.

As a result of the above-described policies and customs, police officers of Grant County, including Defendants John Doe Grant County Sheriff's Deputies 1- 5, believed that their actions or inactions would not be properly monitored by supervisory officers and that the Defendant police officers' misconduct would not be investigated or sanctioned but would be tolerated.

.

54.

The above-described policies, practices and customs demonstrated a further deliberate indifference on the part of policymakers of Defendant Grant County to the constitutional rights of persons within the County at the Gorge and were a further cause of the violations of Plaintiff's rights alleged herein.

COMPLAINT - Page 16

KANNIN LAW FIRM P.S.
119 SW 152nsd Street
Burien, WA 98166
Telephone (206) 574-0202
Email: frontdesk@kanninlaw.com

55.

Plaintiff Valdovinos claims damages for the injuries set forth above under 42 U.S.C. § 1983 against Defendant Grant County for violation of his constitutional rights under color of law in amounts to be proven at trial.

**FIFTH CLAIM: NEGLIGENCE AGAINST INDIVIDUAL DEFENDANTS STARPLEX/CMS EMPLOYEES JOHN DOE SECURITY GUARDS 1-5 and STARPLEX/CMS EMPLOYEE JOSEPH WILSON**

56.

Plaintiff realleges paragraphs 1 through 55 above.

57.

Defendant Joseph Wilson and Defendants Starplex/CMS security guards John Does 1 – 5, had a duty to act reasonably, and to use force reasonably and properly when providing security services, and a duty to follow the laws of the State of Washington. Defendant Joseph Wilson and Defendants Starplex/CMS Security Guards John Doe 1 – 5 each had further duties to stop any Defendant or other Starplex/CMS Security Guards from acting unreasonably.

58.

Defendant Joseph Wilson and Defendants Starplex/CMS security guards John Does 1 – 5,  breached their  duties by ordering Plaintiff out of his vehicle, detaining him at the Defendants' medical station, and using unreasonably excessive force to further stop, further detain, cause bodily injuries to the Plaintiff, to endanger his life, and unlawfully imprison Plaintiff Valdovinos, and by assisting in the arrest of Plaintiff Valdovinos, without a warrant and without probable cause that Plaintiff had committed a crime.

59.

As a direct and proximate result of the Defendants' negligence suffered Valdovinos

COMPLAINT  - Page 17

KANNIN LAW FIRM P.S.
119 SW 152nsd Street
Burien, WA  98166
Telephone (206) 574-0202
Email: frontdesk@kanninlaw.com

suffered damages in an amount to be established at trial.

## SIXTH CLAIM: RESPONDEAT SUPERIOR NEGLIGENCE AGAINST DEFENDANT STARPLEX, INC.

60.

Plaintiff realleges paragraphs 1 through 59 above.

61.

Defendant Starplex/CMS is liable for the negligence of its employees Defendant Joseph Wilson and Defendants Starplex/CMS security guards John Does 1 – 5, under the theory of respondeat superior.

62.

As a direct and proximate result of this negligence Mr. Valdovinos suffered damages in an amount to be established at trial.

## SEVENTH CLAIM: RESPONDEAT SUPERIOR NEGLIGENCE AGAINST LIVE NATION ENTERTAINMENT, INC.

63.

Plaintiff realleges paragraphs 1 through 62 above.

64.

Defendant Live Nation Entertainment, Inc. is liable for the negligence of its employees and/or agents Defendants Starplex/CMS security guards John Does 1 – 5 hired by Defendant Starplex/CMS security guards John Does 1 – 5, under the theory of respondeat superior.

65.

As a direct and proximate result of this negligence Mr. Valdovinos suffered damages

COMPLAINT - Page 18

in an amount to be established at trial.

## EIGHTH CLAIM: NEGLIGENCE AGAINST DEFENDANT LIVE NATION ENTERTAINMENT, INC.

Plaintiff realleges paragraphs 1 through 65 above.

66.

Defendant Live Nation Entertainment, Inc. had a duty to use ordinary care in the management of its property, the Gorge, as the owner and proprietor of a place of amusement and entertainment to which the public is invited for a charge has a duty to maintain the premises in a reasonably safe condition and use reasonable care in supervising its property and to take reasonable precautions to prevent injury to its patrons from dangerous conditions on its land that it knew about or reasonably should have known were there.

67.

Defendant Live Nation Entertainment, Inc. breached its duties when it allowed Defendant Joseph Wilson, Starplex/CMS Defendants J. Doe Security Guards 1- 5 and Defendants J. Doe Grant County Sheriff's Deputies 1 – 5 to stop, harm, publicly humiliate, physically injure Plaintiff and arrest him without legal cause at the Defendant Live Nation Entertainment's property.

68.

As a direct and proximate result of Defendant Live Nation Entertainment's negligence Plaintiff Valdovinos suffered damages in an amount to be established at trial.

## JURY DEMAND

69.

Plaintiff hereby requests trial by jury.

COMPLAINT - Page 19

**RELIEF REQUESTED**

WHEREFORE, the Plaintiff Demecio Valdovinos prays for judgment in an amount to be established at trial, including:

a. Economic damages to Plaintiff against the Defendants jointly and severally;

b. Non-economic damages to Plaintiff against the Defendants jointly and severally;

c. Reasonable attorney's fees and costs to the plaintiff on Counts I, II, III, and IV of the Complaint pursuant to 42 U.S.C. § 1988;

d. Costs of this action to the Plaintiff pursuant to applicable state statutes;

e. Punitive damages on Counts I, II, III and IV of the Complaint; and

f. Such further and other relief, as this Court may deem equitable.

DATED this 25th day of August 2025.

KANNIN LAW FIRM P.S.
Attorneys for Plaintiff

By:   _John J. Kannin_

John J. Kannin IV WSBA #27315

COMPLAINT  - Page 20